116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MARTIN PESQUERIA-PINO, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee, Plaintiff-Appellee,
v.
Marcus CRUZ, Defendant-Appellant.
 Nos. 96-10145, 96-10146.
 United States Court of Appeals, Ninth Circuit.
 Submitted: April 14, 1997.*
Decided: June 3, 1997.
 
 1
 Appeal from the United States District Court for the District of Arizona, Nos. CR-95-00078-03-WDB, CR-95-00078-04-WDB; William D. Browning, District Judge, Presiding.
 
 
 2
 Before: D.W. NELSON and FERNANDEZ, Circuit Judges, and MOLLOY,** District Judge.
 
 
 3
 MEMORANDUM***
 
 
 4
 Martin Octavio Pesqueria-Pino appeals his convictions for several drug crimes. See 21 U.S.C. §§ 841(a)(1), 846, 860; 18 U.S.C. § 2. He argues that the district court abused its discretion in two evidentiary rulings. Marcus Cruz also appeals his convictions for conspiracy to possess marijuana with the intent to distribute and possession or aiding and abetting possession of marijuana with the intent to distribute. See 21 U.S.C. § 841(a)(1), 846; 18 U.S.C. § 2. Cruz contends that the evidence is insufficient to support his convictions. We affirm.
 
 A. Pesqueria's Statement
 
 5
 Pesqueria opened the door to admission of his statement. Pesqueria's line of questioning on cross-examination of Agent Martelli clearly implied that no one, including Pesqueria himself, had ever told Martelli that Pesqueria was involved in the conspiracy, even though Pesqueria had spoken to Martelli about the crimes. That suggestion and use of part of Pesqueria's statement to further it was the type of potentially misleading testimony and creation of a false impression which opens the door to government rebuttal. See United States v. Beltran-Rios, 878 F.2d 1208, 1212 (9th Cir.1989); see also United States v. Segall, 833 F.2d 144, 148 (9th Cir.1987). Thus, even though the prosecutor could not have otherwise presented the evidence, the district court did not abuse its discretion.
 
 B. The Landlord's Letter
 
 6
 Pesqueria offered a letter from his landlord which asked for information about a Juan Leal and mentioned that others sought more information. The letter was offered for the avowed purpose of showing that the landlord was asserting that Juan Leal existed. Thus, it had the earmarks of classic hearsay. If hearsay, it is clear that the letter was not admissible under Federal Rule of Evidence 801(d)(1)(B). As the Rule itself provides, the statement must be made by a witness who testifies at trial and against whom there is an express or implied charge of recent fabrication. See United States v. Collicott, 92 F.3d 973, 979 (9th Cir.1996). Moreover, the statement must be consistent with the challenged in-court testimony and made before any supposed motive to fabricate arose. See id.; see also United States v. Payne, 944 F.2d 1458, 1470 (9th Cir.1991). None of those requirements was met in this case. Thus, exclusion would not have been an abuse of discretion. But even were we to hold that, because of their form, the statements in the letter were not true hearsay, on the record of this case exclusion of that weak piece of evidence would have been harmless error. See United States v. Sarno, 73 F.3d 1470, 1488 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 2554, 135 L.Ed.2d 1072 (1996), and --- U.S. ----, 116 S.Ct. 2555, 135 L.Ed.2d 1073 (1996), and --- U.S. ----, 117 S.Ct. 161, 136 L.Ed.2d 105 (1996). Thus, in neither event could the district court's ruling lead to reversal of Pesqueria's conviction.
 
 C. Sufficiency of the Evidence against Cruz
 
 7
 The evidence was sufficient to support Cruz's convictions for conspiracy and for aiding and abetting the possession of marijuana. Regarding Cruz's conviction of conspiracy to possess marijuana with the intent to distribute, the government needed to show only a "slight connection" between Cruz and the conspiracy. See United States v. Wiseman, 25 F.3d 862, 865 (9th Cir.1994). We have reviewed the record and, viewing the evidence in the light most favorable to the prosecution, we hold that the evidence was more than sufficient to permit a rational juror to find that Cruz was connected to the conspiracy.
 
 
 8
 The evidence was also sufficient to convict Cruz of possession of marijuana because the government only needed to show that he aided and abetted possession. To support a conviction for aiding and abetting possession with the intent to distribute narcotics, the evidence must show that a defendant "in some sort associate[d] himself with the venture," participated in it "as something he wishe[d] to bring about," and sought "by his action to make it succeed." United States v.Vasquez-Chan, 978 F.2d 546, 552 (9th Cir.1992). The evidence must also show that the defendant intentionally assisted in the venture's illegal purpose. See id. From the evidence presented, a rational trier of fact could easily find that on July 9, 1993, Cruz aided and abetted possession of marijuana with the intent to distribute it.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3